IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON STEINLAUF and AARON C. MYERS, on behalf of themselves and all other similarly-situated persons, ) ) ) | Case No. |
| Plaintiffs, ) ) | Judge |
| v. ) ) | Magistrate Judge |
| THE BIG FOUR, LLC, ASHLEY WRIGHT and BRANDON WRIGHT, ) ) ) | JURY DEMANDED |
| Defendants. ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Jason Steinlauf and Aaron Myers, on behalf of themselves and all other persons similarly situated, through their attorney and for their Complaint against Defendants The Big Four, LLC, Ashley Wright and Brandon Wright, state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq.*, and the Chicago Minimum Wage Ordinance (CMWO), Chicago, Illinois, Municipal Code, Ch. 1-24, § 1-24-010, *et seq.*, for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages and all earned wages. Defendants own and operate a restaurant and bar, called "Hamburger Mary's," a "nano-brewery" and sports bar, called "Andersonville Brewing," and an entertainment space, called "Mary's Attic," all of which are located at 5400 North Clark Street,

1

Chicago, Illinois. Plaintiffs and the class and collective groups they seek to represent are current and former employees of Defendants working as hourly tipped employees.

2. Defendants pay their tipped employees sub-minimum hourly wages under the tip-credit provisions of the IMWL, the FLSA and the CMWO. Those provisions permit employers of tipped employees to pay wages less than full minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants willfully disregarded those requirements, by regularly assigning tipped employees, paid sub-minimum wages, to perform duties unrelated to the tipped occupation, and to perform excessive amounts of duties related to the tipped occupation. In addition, Defendants failed to inform the tipped employees of the provisions of the tip-credit subsection of the FLSA. Further, Defendants retained certain tips that employees received from customers, in the form of credit card processing fees, that were in excess of amounts actually required to convert the credit card charges to cash tips. Accordingly, Defendants violated the IMWL, the FLSA and the CMWO.

3. Further, Defendants failed to compensate Plaintiffs and other similarly-situated employees all of their earned wages at the rate agreed to by the parties, in violation of the IWPCA. In addition, Defendants made unauthorized deductions from the wages of Plaintiffs and other similarly-situated persons, also in violation of the IWPCA.

**THE PARTIES**

4. Plaintiff Jason Steinlauf resides and is domiciled in this judicial district. Defendants employed Plaintiff Steinlauf as a bartender at their Clark Street establishment located within this judicial district. Plaintiff Steinlauf terminated his employment with Defendants on approximately April 15, 2018, after approximately six years of employment.

5. Plaintiff Aaron C. Myers resides and is domiciled in this judicial district. Plaintiff is employed by Defendants as a bartender at their Clark Street establishment located within this judicial district. Plaintiff Myers has been employed by Defendants for approximately four years.

6. Defendant The Big Four, LLC ("Big Four"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Big Four owns and operates a restaurant and bar called "Hamburger Mary's" at 5400 North Clark Street, Chicago, Illinois. At that same location, Defendants operate "Mary's Attic," an entertainment space located above Hamburger Mary's that features live music, karaoke, cabaret and also hosts private events. Defendants also operate "Andersonville Brewing," a 'nano-brewery' and sports bar, at the Clark Street address. (Collectively, the three operations are referred to as the "Establishment.")

7. Defendant Ashley Wright is a member of Big Four, and manages the day-to-day operations of the Establishment.

8. Defendant Brandon Wright is a member of Big Four, and manages the day-to-day operations of the Establishment.

9. Plaintiff Steinlauf was, and Plaintiff Myers is, an "employee" of Defendants as defined by the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. § 203(e)(1), and the CMWO. §1-24-010. During their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the IMWL, the FLSA or the CMWO.

10. Defendants were Plaintiffs' "employer[s]" as defined in the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. §203(d), and the CMWO. §1-24-010.

11. Big Four is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

12. Defendants' employees are engaged in interstate commerce, and Big Four's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. During the course of their employment by Defendants, Plaintiffs handled goods, including perishable produce and other food products, that moved in interstate commerce.

**COMMON ALLEGATONS**

13. Plaintiffs and other similarly-situated employees worked as servers and bartenders in Defendants' Clark Street Establishment. Defendants paid those tipped employees an hourly rate less than full minimum wage.

14. An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). However, when "tipped employees also perform non-tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work." *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014).

15. Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of a tipped occupation. Defendants regularly require tipped employees to perform such duties, including but not limited to, sweeping, mopping, washing glassware, and trash removal, but continue to pay them tip-

4

credit wages while the employees were engaged in those non-tipped duties. Duties performed by tipped employees included both excessive amounts of related duties, and duties unrelated to the tipped occupation.

16. In addition to requiring tipped employees to perform non-tipped duties while paid the tip-credit rate, Defendants also engaged in the following practices:

    a. failed to inform tipped employees the provisions of Subsection 3(m) of the FLSA;

    b. retained employee tips by deducted a flat 2.5 percent credit-card processing fee from all tipped employee gratuities paid by credit card, which exceeded the amount actually paid to liquidate the tips;

    c. retained tips meant for bartenders paid by patrons who bought so-called "bar packages" or "drink packages";

    d. retained tips paid by product vendors on "buy backs," by which those vendors paid Defendants a sum certain in order for Defendants to provide free samples of their products to customers;

    e. hosted private events, for which Defendants charged a "service charge," retained by Defendants, while paying tipped employees working those events at the tip-credit rate; and

    f. failed to enforce a server tip-out of 6.5 percent by a particular server, with the result that Plaintiffs and other bartenders were not paid significant amounts of tips.

5

## COUNT I
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### Class Action

17. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for Defendants' failure to pay Plaintiffs and the class of Illinois tipped employees that they represent all of their earned minimum wages. Plaintiffs and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law. Plaintiffs brings this Count I as a class action under Rule 23.

18. Defendants' practices regarding tipped employees violate the minimum wage provisions of the IMWL.

19. Plaintiffs will seek to certify Count I, as well as Counts III, IV and V, as a class action, and will ask the Court to determine the rights of the class members pursuant to that statute, and any other damages due, and to direct Defendants to account for all back wages, additional damages and prejudgment interest thereon due to Plaintiffs and the classes that they represents. *See, e.g., Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) (granting class certification on non-tipped duties claim) & *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, *15 (N.D. Ill. Mar. 2, 2012) (decertification denied); *Clark v. Honey-Jam Cafe, LLC*, 11 C 3842, 2013 WL 1789519 (N.D. Ill. Mar. 21, 2013) (same); *Johnson v. Pinstripes, Inc.*, 12 C 1018, 2013 WL 5408657 (N.D. Ill. Sept. 26, 2013) (same); *Haschak v. Fox & Hound Rest. Grp., et al.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012); *Schaefer v. Walker Bros. Enters., Inc.,* 10 6366, 2012 U.S. Dist. LEXIS 65432, *4 (May 7, 2012) (same).

20. This Count is brought pursuant to Rule 23 because the class members similarly situated to Plaintiffs are so numerous that joinder of all members is impracticable. Plaintiffs expects that throughout the limitations period, Defendants employed in excess of 40 tipped employees. Plaintiffs therefore brings this action against Defendants on their own behalf as aggrieved employees, and in their representative capacity, as Plaintiffs and similarly-situated persons are equally affected by the minimum wage violations of Defendants, and the relief sought is for the benefit of Plaintiffs and the class that they seek to represent.

21. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any. Plaintiffs and the class of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus additional damages, interest, attorneys' fees and the cost of this lawsuit. Plaintiffs are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

22. The books and records of Defendants are material to Plaintiffs' action, as they disclose the hours worked by each employee, the tipped hours worked, the hours paid, the rates of pay for hours worked and the tips earned and deductions made therefrom.

23. Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

24. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendants as follows:

A. judgment in the amount of all minimum wages due as provided by the Illinois Minimum Wage Law;

B. prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and additional damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**Collective Action**

25. Plaintiffs hereby reallege and incorporate the foregoing paragraphs of this Complaint.

26. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for their failure to pay minimum wages to Plaintiffs and similarly-situated tipped employees. Plaintiffs bring this Count II as a collective action. 29 U.S.C. §216.

8

Plaintiffs' consent forms to act as representative plaintiffs are attached hereto as Exhibit A.

27. Plaintiffs worked as tipped employees and were not exempt from the minimum wage provisions of the FLSA.

28. Plaintiffs, as a tipped employees, were paid by Defendants at an hourly rate less than full minimum wage.

29. An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. 29 U.S.C. §203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

30. Although Defendants took a tip credit in paying hourly wages to Plaintiffs, Defendants failed to comply with the requirements of Subsection 3(m) of the Act. 29 U.S.C. § 203(m).

31. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Defendants' failure to paid tipped employees minimum wage, was a willful violation of the Act.

WHEREFORE, Plaintiffs and similarly-situated tipped employees pray for judgment against Defendants as follows:

    A. judgment in the amount of the owed minimum wages for all time worked;

    B. liquidated damages in an amount equal to the amount of unpaid minimum

      wages;

  C.    reasonable attorneys' fees and costs incurred in prosecuting this action; and

  D.    such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages
### Class Action

32. Plaintiffs hereby reallege and incorporate the foregoing paragraphs of this Complaint.

33. This count arises from Defendants' violation of the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code, Ch. 1-24, § 1-24-010, *et seq.*, for Defendants' failure to pay Plaintiffs all earned minimum wages. Plaintiffs are due and have not been paid minimum wages under the provisions of the CMWO.

34. Plaintiffs, and the similarly-situated employees they seek to represent, worked as tipped employees in Big Four's Clark Street Establishment within the geographic boundaries of the City of Chicago. Defendants pay tipped employees, including Plaintiffs, at an hourly rate less than full minimum wages.

35. As enumerated, Defendants failed to meet the requirements necessary to take the tip credit, and Defendants' practices therefore violate the minimum wage provisions of the CMWO.

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

  A.    judgment in the amount of three times the underpayment owed, as provided by the Chicago Minimum Wage Ordinance, Ch. 1-24, § 1-24-110;

B.  reasonable attorneys' fees and costs of this action as provided by the Chicago Minimum Wage Ordinance, Ch. 1-24, § 1-24-110;

C.  such other and further relief as this Court deems just and proper.

## COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### Class Action

36. Plaintiffs hereby reallege and incorporate the foregoing paragraphs of this Complaint.

37. This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiffs and the class that they seek to represent their earned wages for all time worked at the rate agreed to by the parties.

38. During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks.

39. Other similarly-situated employees were likewise not compensated for all time worked in certain work weeks.

40. Plaintiffs and similarly-situated employees were entitled to be paid for all time worked at the rate agreed to by the parties.

41. Defendants' failure to pay Plaintiffs and similarly-situated employees for all time worked at the rate agreed to by the parties violated the IWPCA.

42. Plaintiffs seek to represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties for the ten (10) years preceding the filing of the Complaint, through and including the present.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendants, as follows:

A.  judgment in the amount of all back wages due, as provided by the Illinois

        Wage Payment and Collection Act;

B.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.    an injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

D.    such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Illinois Wage Payment and Collection Act – Unauthorized Deductions
## Class Action
## (As To Bartenders Only)

43.    Plaintiffs hereby reallege and incorporate the foregoing paragraphs of this Complaint.

44.    During the course of Plaintiffs' employment, and that of similarly-situated persons, Defendants made deductions from employee wages for what Defendants claimed were credit card administrative costs accrued on customer credit card charges that occurred months and years before Defendants took the deductions.

45.    Defendants' deductions employees' wages were: (1) not required by law; (2) not for the employees' benefit; (3) not in response to a valid wage assignment or wage deduction order; and (4) not made with the express written consent of employees, given freely at the time the deductions were made.

46.    Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized deductions from employee paychecks.

47.    Plaintiffs and similarly-situated employees were damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

    A.    judgment in the full amount of the unauthorized deductions made from the wages of Plaintiffs and similarly-situated employees by Defendants;

    B.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    C.    an injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

    D.    such other and further relief as this Court deems appropriate and just.

Plaintiffs demand trial by jury.

Dated: May 18, 2018

Respectfully submitted,

JASON STEINLAUF, AARON C. MYERS

/s/Jamie G. Sypulski
Attorney for Plaintiffs

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
(312) 332-6202
jsypulski@sbcglobal.net

## NOTICE OF CONSENT TO JOIN
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

    I represent to the Court that I have been employed by The Big Four, LLC, during the last three (3) years, and that I was not paid all wages owed to me. I hereby give my consent to be included in this lawsuit, to represent other similarly-situated employees and to be represented by counsel for Plaintiff.

JASON STEINLAUF

SIGNED _____                    April 16th, 2018

**Counsel for Plaintiff:**

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue, Suite 1000
Chicago, Illinois 60601
312/332-6202

# EXHIBIT A

## NOTICE OF CONSENT TO JOIN
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

    I represent to the Court that I have been employed by The Big Four, LLC, during the last three (3) years, and that I was not paid all wages owed to me. I hereby give my consent to be included in this lawsuit, to represent other similarly-situated employees and to be represented by counsel for Plaintiff.

AARON C. MYERS

SIGNED _[signature]_     April 16, 2018

**Counsel for Plaintiff:**

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue, Suite 1000
Chicago, Illinois 60601
312/332-6202